United States v. Koglin May it please the court, originally I had reserved four minutes for rebuttal. When the court reduced it to five minutes, I would respectfully request that I now be allowed one minute for rebuttal versus four minutes. Thank you. This is an appeal from the denial of Mr. Koglin's petition for reduction of sentence pursuant to what's commonly referred to as the minus two amendment. Mr. Koglin pled guilty in the district court pursuant to a plea agreement in December of 2013. He was sentenced to concurrent terms of 57 months, sentences on conspiracy and money laundering. The determination of the sentence was driven by the drug quantity tables that were subsequently amended. He petitioned the court, the district court, for a reduction pursuant to that amendment in April, I'm sorry, I don't recall the exact date, November of 2014. The government's objection was filed later. That objection stated that the government would oppose any further reduction on the basis that a full permissible reduction would afford the defendant a windfall in a sentence. However, that was not the appropriate consideration in determining whether Mr. Koglin was eligible for the reduction. The factors listed in the amendment that could be considered were the 3553A factors, public safety considerations, and post-sentencing conduct. None of those If Mr. Koglin were being sentenced today, what would the guideline range be? If he would be sentenced today, well, that would be... Wouldn't it be exactly the same that was used at the original sentencing? Yes, I will concede that. It would be except for that there was one additional factor in this sentencing in determining it was there was a 5K1 motion filed by the government that recommended a two-level reduction for his substantial cooperation or assistance. That language in the plea agreement also allowed the district court to grant him a greater reduction pursuant to the 5K1. So when we're talking about the final sentence and whether the guideline range would be the same, the court had discretion in that manner. But put aside the 5K1 motion, just because as I understand it, what we've got to look at is, did the guideline range change as a result of the minus two amendment? It sounds like the answer to that is no. That was raised by the government in their brief to this court for the first time. Yes, I understand they blew it in the district court, okay, but it seems to me that you're asking us to order a remand to the district court to sentence him on the basis of a legal error, to re-sentence him under the wrong guideline calculations. If I would be so permitted to suggest what we were asking for, it would be a remand to the district court judge who did the original sentencing, not to Judge McKinney who had nothing to do with the original sentencing. Well, but that depends on the eligibility issue, right? But the government's already conceded he's eligible. Well, but they seem to be wrong. No. If his guideline range would not have changed if he were being sentenced today, then I'm missing something apparently. Well, I guess, Your Honor, where I would disagree with you there is he's eligible for the reduction, and whether it would change his sentence or not is what the government has now argued. Is his guideline range reduced? But it says, but guideline 1B.10 says that a reduction, defendant's term of imprisonment is not authorized if that amendment to the guideline, amendment does not have the effect of lowering the defendant's guideline range. The guideline range absent the minimal role . . . He was 30 before, he's 30 now, right? With respect to if the defendant is granted the minimal role adjustment would not change under the amendment. I will concede that. I don't understand. What's left of your case? That the idea that the amendment was not drafted to somehow exclude someone who had a minimal role adjustment or a 5K1, in fact specifically indicated that that would be applicable and they would still be eligible, was not considered in this case in the district court's ruling. Well, what does that have to do with the amendment? Nothing. The amendment can't help you, right? Because his guidelines range is going to be . . . Because it would reduce it to a 30 versus a 32 where he would not get the two-level reduction under the base offense adjustment for minimal role adjustment. That would be a net no change, yes. You can argue that the sentencing commission may have made a mistake, may have overlooked that effect, but in terms of the legal eligibility, I don't see an answer to that. Well, I guess my response to that would be that the intent of the amendment was that everyone was eligible unless they did not fit the specific criteria. The government has conceded that he is eligible technically for that. Well, they did in the district court. Right, and I didn't get a chance to respond to their subsequent argument in the district court. Right, okay. I understand if it's not a jurisdictional issue, if the district court had granted the relief, if the government were appealing, we would say you waived it, but that's not what happened. Instead, we've got the district court applying the law correctly, it looks like. Well, I don't know that I would necessarily agree that that's how the district court applied it considering the ruling is one sentence and it doesn't say he's ineligible. It says he's not changing, would not change his sentence. We don't know how the district court arrived at that particular ruling. Okay, thank you. Thank you, Mr. Hall. Mr. Brookman? Good morning. The district court did get it right in this case after the defendant took a swing and a miss and the government also took a swing and a miss on the guideline analysis, but fortunately the district court did get it right. It was a brief ruling, but actually it did say that he was not eligible. The ruling reads, this amendment does not have the effect of lowering the defendant's guideline range, therefore he is not eligible for a reduction in his sentence, and that's exactly what Judge Hamilton pointed out. He's a 27 beforehand, he's a 27 after the amendment because of this unusual situation where he loses the two levels in his 2D1 calculation because of his role. So the district court got it right, the government got it wrong in its analysis initially, however the government, of course, does understand now that the district court did get it right. It's made that argument to this court, of course, the district court can find on any basis that's in the record and in order to get the right decision on the case, this court, for that matter, can find on any basis in the record and a de novo review. So for those reasons, I believe the district court was correct. It should be affirmed and I don't have anything for it. Okay, thank you. Thank you very much. Briefly, your honor, the exact language of the district court's ruling I don't think indicates that, as the government says, he got it right for the right reason. Now, if in fact the court determines that Mr. Coughlin, because of the net result, would not have a different sentence, that he should be affirmed, that's one thing, but that's not what that particular ruling that says he's not eligible for reduction in his sentence. Okay, well thank you very much. You were appointed, were you not? Not on this case. Mr. Baldwin serves by court appointment in many cases, but not this particular one. Okay. Mr. Brookman also deserves congratulations on the recent